IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRIDGIT WHITE, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:21-cv-2855 |
| | § | |
| TEXAS CITY INDEPENDENT SCHOOL DISTRICT, | § | |
| | § | |
| *Defendant.* | § | |

## ORDER

Pending before the Court is Plaintiff Bridgit White's ("Plaintiff") Motion to Reopen Case. (Doc. No. 29). Defendant Texas City Independent School District ("Defendant" or "School District") filed a Response. (Doc. No. 30). The Court hereby **DENIES** Plaintiff's Motion to Reopen Case. (Doc. No. 29).

### I.     Background

In September 2021, Plaintiff sued the School District where she was employed as a teacher under Title VII, alleging that she was denied a promotion because of her "age and/or race." (Doc. No. 1). On May 8, 2023, the School District filed a Motion for Summary Judgment. (Doc. No. 23). On May 19, 2023, Plaintiff filed a Notice of Nonsuit providing "written notice of [Plaintiff's] nonsuit without prejudice on all claims against Defendant." (Doc. No. 24). The following day, on May 20, 2023, Plaintiff filed a Certificate of Conference indicating that Plaintiff's Notice of Nonsuit was unopposed. (Doc. No. 25). The same day, the School District filed a Stipulation of

Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (Doc. No. 26).[1] Three days later, on May 23, 2023, Plaintiff filed a "Motion to Withdraw Nonsuit and Hire New Counsel," asking the Court to grant her sixty days to hire another attorney and to "suspend [her] case on the docket until [she] hire[s] counsel to represent [her]" (Doc. No. 27). The Court entered an Order of Dismissal on May 23, 2023. (Doc. No. 28). Twenty-one days later, on June 13, 2023, Plaintiff filed a Motion to Reopen Case. (Doc. No. 29). In her motion, Plaintiff alleges that she did not understand the ramifications of her Notice of Nonsuit, and "honestly believed" that the Notice of Nonsuit "meant that [she] could refile the suit with another lawyer." (*Id.*). Further, she alleges that she was not informed by her prior counsel that her "EEOC claim would no longer be valid due to the statute of limitations." (*Id.*). She asks the Court to reopen her case and allow her time to hire new counsel. The School District responded, arguing that this Court lacks jurisdiction to reopen the lawsuit because the School District filed a Stipulation of Dismissal under Rule 41(a)(1)(A)(ii). (Doc. No. 30 at 2). Alternatively, the School District argues that White's allegations might give rise to a claim against her attorney, but do not justify reopening the case. (*Id.* at 3).

## II. Discussion

Plaintiff's case was voluntarily dismissed pursuant to Rule 41(a)(1)(A)(ii) and her Motion to Reopen Case was filed within twenty-eight days of the date of dismissal, so the Court will construe it as a Rule 59(e) motion to alter or amend a judgment.[2] The Fifth Circuit recently held

---

[1] Although the parties filed separate documents effectuating the stipulation of dismissal, it is clear that the parties "in fact entered into the contemplated stipulation" based on the undisputed record; the Court therefore considers the dismissal under Rule 41(a)(1)(A)(ii). *See Ocean Drilling & Expl. Co. v. Mont Boat Rental Servs., Inc.*, 799 F.2d 213, 218 (5th Cir. 1986). The Fifth Circuit has held that stipulated dismissals under Rule 41(a)(1)(A)(ii) "require no judicial action or approval and are effective automatically upon filing." *Yesh Music v. Lakewood Church*, 727 F.3d 356, 362 (5th Cir. 2013). Thus, the case was voluntarily dismissed on May 20, 2023. The Court's order three days later was merely for administrative purposes.

[2] Rule 59(e) provides that "a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. Proc. 59(e).

2

that Rule 59(e) "does not allow a party to revive and initiate further proceedings in a dismissed lawsuit." *Def. Distributed v. United States Dep't of State*, 947 F.3d 870, 873 (5th Cir. 2020). Indeed, a stipulation of dismissal under Rule 41(a)(1)(A)(ii) "ordinarily—and automatically— strips the district court of subject-matter jurisdiction over the dismissed action." *Def. Distributed*, 947 F.3d at 873 (citation omitted) (internal quotations omitted). As a result, any motion to alter or amend a judgment under Rule 59(e) in this circumstance "must fail for that reason alone." *Id.*

The Court notes that, to the extent Plaintiff's request to reopen her case may be liberally construed as seeking relief under Rule 60(b), the request would also merit a denial. Generally, when a claim is voluntarily dismissed pursuant to a Rule 41(a)(1)(A)(ii), the court retains the ability to vacate the stipulated dismissal as a "final proceeding" under Rule 60(b). *Yesh*, 727 F.3d at 362. Under Rule 60(b), relief from a final judgment, order, or proceeding can be granted for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. Proc. 60(b)(1)-(6).

The Court notes first that Plaintiff's signature endorsing the Notice of Nonsuit was attached to her filing. (Doc. No. 24). Second, the Court notes that Plaintiff's primary argument in support of her motion stems from an apparent misunderstanding, or her prior counsel's failure to explain, a statute of limitations issue. The Court construes this argument as seeking relief under Rule 60(b)(1) for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. Proc. 60(b)(1).

The Fifth Circuit has held that "a court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributed solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993). Indeed, as the Fifth Circuit has stated, "while we are sympathetic to the plight of a client prejudiced by his attorney's inadvertence or negligence, the proper recourse for the aggrieved client, as the Supreme Court noted…is to seek malpractice damages from the attorney." *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 289 (5th Cir. 1985) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 642 n.10 (1962)).[3]

For the foregoing reasons, Plaintiff's Motion to Reopen Case is hereby **DENIED**. (Doc. No. 29).

Signed at Houston, Texas, this 6th day of December, 2023.

Andrew S. Hanen
United States District Judge

---

[3] Likewise, the remaining subsections of Rule 60(b) are inapplicable. Relief under Rule 60(b)(6) is reserved only for "exceptional circumstances" where "the initial judgment [was shown to be] manifestly unjust." *Bohlin Co.,* 6 F.3d at 357. Where, as here, Plaintiff made a "deliberate choice" to file the Notice of Nonsuit (her signature was attached to the filing), the Court declines to grant relief under Rule 60(b)(6) because "a party remains under a duty to take legal steps to protect his own interests." *See id.*; *United States v. O'Neil*, 709 F.2d 361, 373 n.12 (5th Cir.1983).